**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DAVID L. DILBECK
ARBUTUS B. DILBECK

        Debtors

Case No.  07-34108

**MEMORANDUM ON TRUSTEE'S
OBJECTION TO HOMESTEAD EXEMPTION**

**APPEARANCES:**    JIMMIE D. TURNER, ESQ.
    1119 East Tri-County Boulevard
    Oliver Springs, Tennessee  37840
    Attorney for Debtors

    JOHN P. NEWTON, JR., ESQ.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Objection to Exemption filed by the Chapter 7 Trustee, John P. Newton, Jr., on January 10, 2008, as amended on January 23, 2008, objecting to the Debtors' claimed homestead exemption of $25,000.00. The Objection is grounded on the Trustee's contention that the Debtors are not entitled to the homestead exemption in the property for which the exemption is claimed. The Debtors filed their Response to Objection to Exemption (Response) on January 22, 2008.

The trial was held on March 19, 2008. The record before the court consists of fourteen exhibits introduced into evidence and the testimony of three witnesses, the Debtors' daughter, Judy Phillips, and the Debtors.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O) (2005).

I

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 7 on November 30, 2007. They listed in their statements and schedules two improved tracts of real property, each of which they own as tenants-by-the-entireties. The Debtors assigned the first, located at 144 Andy Baird Drive, LaFollette, Campbell County, Tennessee (Campbell County Property), a current value of $60,000.00, subject to liens of $70,563.00, and the second, located at 379 Mayland Road, Monterey, Cumberland County, Tennessee (Cumberland County Property), a current value of $25,000.00, subject to no liens. On Schedule C, the Debtors claimed a $25,000.00 homestead exemption in the Cumberland County Property, pursuant to Tennessee Code Annotated section 26-2-301(e).

As set forth in the February 14, 2008 scheduling Order, the issue before the court is:

Whether the "[l]and and mobile home located at 379 Mayland Road, Crossville, Cumberland County, Tennessee" in which the Debtors claim a $25,000.00 homestead exemption pursuant to TENN. CODE ANN. § 26-2-301(e), is "used by" the Debtors "as their principal place of residence."

## II

As material to this contested matter, Tennessee's homestead exception statute provides:

(e) . . . [A] married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.

TENN. CODE ANN. § 26-2-301(e) (Supp. 2007). There is no dispute as to the applicability of subsection (e). The sole issue is whether the Cumberland County Property was, at the time the Debtors commenced their bankruptcy case, "used by the [Debtors] as their principal place of residence."

"The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998); *see also Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."). When the parties derive different interpretations from the statutory language, the court must determine if the language of the statute, after applying its ordinary and plain meaning, is ambiguous. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998).

Although the Tennessee homestead exemption statute limits application of the homestead exemption to real property "used by" the Debtors as their "principal place of residence," the term itself is not defined. Nevertheless, "[w]hat is the debtor's principal residence depends both on the debtor's use and intent." *In re Sivley*, 14 B.R. 905, 908 (Bankr. E.D. Tenn. 1981). This definition encompasses "[the] place where one dwells, where a person lives in settled abode, the place where a person lives with the intention of making it his home, and to which, whenever he is absent, he has the intention of returning[,] . . . the principal domestic establishment of an individual, the place which he makes the chief seat of his affairs and interests." *McDonough v. State Farm Mut. Auto. Ins. Co.*, 755 S.W.2d 57, 67 (Tenn. Ct. App. 1988) (citations omitted). In summary, "a debtor's 'principal place of residence' is his or her home, the place where the debtor lives with his family, inclusive of any real property acquired therewith." *In re Wilson*, 347 B.R. 880, 885-86 (Bankr. E.D. Tenn. 2006).

The Debtors' right to their homestead exemption in the Cumberland County Property must be "determined by facts as they existed on the date of . . . bankruptcy." *Lowe v. Sandoval (Matter of Sandoval)*, 103 F.3d 20, 22 (5th Cir. 1997) (citations omitted); *see also Olson v. Anderson (In re Anderson)*, 357 B.R. 452, 467-68 (Bankr. W.D. Mich. 2006) (holding that a debtor's exemptions are determined on the date that the petition is filed and limiting the focus of any objection to exemptions "only on the law and facts [as] they exist on the date of filing the petition.") (citations omitted). In this case, the Debtors' contention that the Cumberland County Property was "used by" them as their "principal place of residence" on November 30, 2007, the date they filed their joint Voluntary Petition under Chapter 7, is not supported by the facts.

The Debtors purchased the Campbell County Property in 1972 and have resided on the property since that date. Their disabled grandson, who is approximately thirty-two years old, has resided on the Campbell County Property with them since he was approximately ten years old, as has the Debtors' forty-five year old daughter, who has lived with them since she was approximately ten years old.[1] At the time the Debtors filed their petition, both of their driver's licenses listed the Campbell County Property as their residence and until November 27, 2007, three days before they filed their bankruptcy petition, the Debtors were registered to vote in Campbell County. Furthermore, Mrs. Dilbeck works in Campbell County as a sewing machine operator at Paca Body Armor where she has worked for approximately four years.

Three days before they filed their bankruptcy petition, the Debtors changed their voter registration from Campbell County to Cumberland County. When asked by her attorney if the November 27, 2007 voter registration in Cumberland County was "one of the first steps" in designating the Cumberland County Property as her permanent home, Mrs. Dilbeck responded "Yes, sir." In their brief, the Debtors rely heavily upon the voter registration statutes, which set forth the factors for determining a person's residence for voting purposes as follows:

> (b) (1) The following factors, among other relevant matters, may be considered in the determination of where a person is a resident:
>
> > (A) The person's possession, acquisition or surrender of inhabitable property;
> >
> > (B) Location of the person's occupation;
> >
> > (C) Place of licensing or registration of the person's personal property;

---

[1] Presumably, the daughter has lived on the Campbell County Property with the Debtors since they purchased it in 1972.

5

    (D) Place of payment of taxes which are governed by residence;

    (E) Purpose of the person's presence in a particular place; and

    (F) Place of the person's licensing for activities such as driving.

TENN. CODE ANN. § 2-2-122(b) (Supp. 2007).

  These factors, however, further evidence that as of the date that the Debtors filed for bankruptcy, the Campbell County Property was used by them as their principal place of residence and not the Cumberland County Property. As noted, while the Debtors are now registered voters in Cumberland County, they only became so on November 30, 2007, three days prior to filing their bankruptcy case. But Mrs. Dilbeck's employment is and has been for the past four years in Campbell County, and on the date that they filed their petition, the Debtors' driver's licenses list their Campbell County address, where they have lived for thirty-five (35) years.

  Mrs. Dilbeck testified that the Debtors had been going to Cumberland County for over twenty years, having previously owned real property there which they sold and started looking for a place to "retire at." She further testified that they bought the Cumberland County Property in 2004, which they improved with a trailer, with the intention "to retire down there." When asked on direct examination by his attorney, Mr. Turner, "What's you and your wife's intention after she finishes working," Mr. Dilbeck testified "Going down there [to the Cumberland County Property] and staying, Crossville." Mr. Dilbeck further testified that the Debtors had been talking about retiring to Cumberland County for "at least 10 years." Mrs. Dilbeck testified that since she and her husband purchased the Cumberland County Property in 2004, their routine has been to "stay through the

6

week" at the Campbell County Property and spend the weekends at the Cumberland County Property.[2] It was only "fairly recent" that the Debtors started getting mail at the Cumberland County Property.[3] The parties maintain bank accounts in both Campbell County and Cumberland County.

There is no question that the Debtors' actions to change their voter registration and their driver's licenses support their contention that they plan to retire to the Cumberland County Property, as does their returning there every weekend. As further evidence of their future plans, the Debtors, for the first time, listed the Cumberland County Property as their address on their Form 1040A Individual Income Tax Return for 2007 which was prepared in 2008 and signed by the Debtors on February 29, 2008.

The Debtors are 71 and 70 years of age, and Mr. Dilbeck receives social security disability following lung cancer in 1973, so Mrs. Dilbeck is the sole wage earner. At trial, Mrs. Dilbeck testified that she still has to work; however because of her age, she would be unable to find work elsewhere so she remains at the factory where she is currently employed although she would like to go ahead and retire.

Nevertheless, the homestead exemption must be determined as of the date that the bankruptcy case was filed and is not based upon the Debtors' future intentions for retirement. The court is satisfied that the Campbell County Property was "used by" the Debtors as their principal place of

---

[2] Mrs. Dilbeck testified that the Debtors spend four nights at the Campbell County property and three nights at the Cumberland County Property. They attend church on Sunday in Cumberland County.

[3] The "fairly recent" statement was made by Mrs. Dilbeck who did not explain whether it meant before or after November 30, 2007.

7

residence when they filed their bankruptcy petition on November 30, 2007.  The evidence that the Debtors have lived on the Campbell County Property for over thirty-five years, raised their grandson and daughter, who continue to reside with them, on the Campbell County Property, maintained their driver's licenses in Campbell County at the time they commenced their bankruptcy case, maintained their voter registration in Campbell County until three days prior to filing for bankruptcy, and Campbell County is Mrs. Dilbeck's place of employment requires this conclusion.  The court is satisfied from the testimony that the Cumberland County Property is only used during the weekends and was acquired as the place where the Debtors plan to retire when Mrs. Dilbeck quits working.  This conclusion is re-enforced by Mrs. Dilbeck's testimony that the Debtors changed their driver's licenses to Cumberland County on January 11, 2008, because "they were," at that time, "getting ready to transfer everything down there [to Cumberland County]."

For the above reasons, the Trustee's Objection will be sustained and the Debtors' claimed homestead exemption in the Cumberland County Property will be disallowed.

An order consistent with this Memorandum will be entered.

FILED:  March 28, 2008

                                              BY THE COURT

                                              */s/  RICHARD STAIR, JR.*

                                              RICHARD STAIR, JR.
                                              UNITED STATES BANKRUPTCY JUDGE